IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cliff P. Gaston, | Case No. 3:13 CV 2099 |
|                 Plaintiff, | MEMORANDUM OPINION AND ORDER |
|     -vs- | |
| Wells Fargo Bank, N.A., | JUDGE JACK ZOUHARY |
|                 Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Cliff Gaston filed a civil action against Defendant Wells Fargo Bank, N.A. in the Lucas County Court of Common Pleas.[1] Defendant removed to this Court based on federal question jurisdiction (Doc. 1-2). The Complaint alleges fraud, negligence, unjust enrichment, and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. (Doc. 1-1).

Defendant filed a Motion to Dismiss for failure to state a claim under Federal Civil Rule 12(b)(6) (Doc. 4). Plaintiff has not responded to the pending Motion. For the reasons below, Defendant's Motion is granted.

---

[1] The Complaint also contains paragraphs asserting Quicken Loans Inc., US Bank N.A., and Credit Suisse First Boston Mortgage Securities Corp. are Defendants, but those parties were never served and all allegations are directed against Wells Fargo.

## BACKGROUND

Plaintiff owns real property located at 636 Ranch Street, Toledo, Ohio 43607 ("the Property"), which was subject to a mortgage held by Defendant. On or about March 26, 2008, Plaintiff refinanced the mortgage and executed a promissory note with Defendant. Plaintiff apparently defaulted on his mortgage obligations sometime thereafter. In July 2011, Defendant filed a foreclosure action against Plaintiff in the Lucas County Court of Common Pleas. *See Wells Fargo v. Gaston*, No. CI0201104567 (Lucas Ct. Com. Pl.). The trial court entered a default judgment against Plaintiff in April 2012, and a November 2012 journal entry confirmed the Property had been sold at a foreclosure sale. *Id.* Upon motion of Defendant, the trial court later vacated this sale because of the buyer's failure to pay, and Defendant purchased the Property in August 2013. This sale has not been confirmed yet.

Plaintiff filed the instant Complaint seeking injunctive relief to prevent the foreclosure sale of the Property.

## STANDARD OF REVIEW

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 departs from the hyper-technical, code-pleading requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–89 (2009). Therefore, under Rule 12(b)(6), this Court tests the legal sufficiency of the complaint, by accepting all well-pleaded factual allegations as true and construing the complaint in the light most favorable to plaintiff. *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation

2

of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Pro se* pleadings must be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Although Rule 12(b)(6) refers only to allegations in a complaint, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)). A court may consider "the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss as long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

### Res Judicata

Defendant argues every claim in Plaintiff's Complaint is barred under the doctrine of *res judicata* because the claims arise from the same note and mortgage involved in the state foreclosure action and could have been raised during that proceeding (Doc. 4 at 1). *Res judicata* precludes a party receiving a final judgment on the merits of a claim and then bringing a subsequent lawsuit on the same claim or raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660–61 (6th Cir. 1990). The doctrine bars litigation of issues actually brought before the court in the prior action, as well as issues or defenses that should have or could have been raised in the previous action. *Id. Res judicata* promotes the finality

of judgments and discourages duplicative litigation. *Westwood Chem Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  A federal court "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck*, 597 F.3d at 816–17 (citing *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007)).

Under Ohio law, *res judicata* "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61 (2007) (citation omitted).  Ohio courts determine a claim is precluded if the following four circumstances are present: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (citation omitted).

Here, the Lucas County Court of Common Pleas had jurisdiction over the foreclosure action Defendant filed against Plaintiff.  The trial court entered a default judgment for Defendant, which is a valid final decision on the merits.  *See Clark v. Lender Processing Servs., Inc.*, 2013 WL 2476944, *8 (N.D. Ohio 2013).  Therefore, the first element of claim preclusion is satisfied.  The second element of claim preclusion is also met because the parties involved in the state action are parties to this action.

Plaintiff's fraud and deceit claim alleges that Defendant intentionally misrepresented the value of the mortgage (Doc. 1-1 at 13).  Specifically, Plaintiff claims Defendant falsely represented the loan would be a prime loan with a 30-year fixed rate when it was actually an adjustable-rate

4

mortgage loan (*id.*); his payments unexpectedly increased, causing him to go into foreclosure when he could not afford to make the higher payments (*id.* at 14); the negligent failure to supervise bank agents allowed the intentional fraud to occur (*id.* at 15); Defendant was unjustly enriched at Plaintiff's expense for undisclosed fees, and by defrauding Plaintiff of $7,128, plus interest, by virtue of misrepresenting the loan type (*id.* at 16); Defendant breached its fiduciary duty by failing to supervise its agents and properly investigate the Property, and by misrepresenting the loan type (*id.* at 17); Defendant failed to timely provide required disclosures and engaged in unfair trade practices in violation of TILA (*id.* at 18); and, finally, that Defendant violated RESPA by charging fees without required disclosures (*id.* at 19).

All of Plaintiff's claims relate to the same note and mortgage on the Property that was the subject matter of the foreclosure action. All the relevant events in this Complaint occurred on or about March 2008, the date of the refinancing, and well in advance of the foreclosure proceeding. The claims Plaintiff now raises could have been litigated in the foreclosure action. Therefore, the third element of claim preclusion is satisfied.

The fourth element of *res judicata* is satisfied if "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (citation omitted). This Complaint attacks the foreclosure sale of the Property, claims arising out of the same transaction -- the March 2008 refinancing -- that formed the basis of Defendant's foreclosure complaint in state court. Therefore, the final element of claim preclusion is satisfied. Because all elements of claim preclusion have been met, this Court finds Plaintiff's claims are barred by *res judicata*.

**Statute of Limitations: TILA and RESPA claims**

Additionally, the statute of limitations bars Plaintiff's TILA and RESPA claims. Actions for violations of TILA and RESPA must be brought within one year from the date of occurrence of the violation. *See* 15 U.S.C. § 1604(e) and 12 U.S.C. § 2614. Because Plaintiff filed this Complaint five years after "the date of the occurrence" (the March 26, 2008 refinancing), his TILA and RESPA claims are also time-barred.

### CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

November 18, 2013